UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD BROWN, ) | |
| ) | Case No. 23 CV 10452 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| COOK COUNTY AUDITOR'S OFFICE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANUM OPINION AND ORDER**

Plaintiff Ronald Brown filed an amended complaint against his former employer, the Cook County Auditor's Office,[1] claiming that his termination was the result of religious and racial discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Before the Court is Defendant's motion to dismiss Plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendant's motion [25] with prejudice.

The Court assumes the parties' familiarity with the facts of the case, as laid out comprehensively in this Court's Opinion dismissing Plaintiff's original complaint. There, the Court concluded that Plaintiff's allegations failed to plausibly establish the existence of a sincere religious practice or belief entitled to Title VII protection or that Plaintiff's treatment was connected to his race. The Court gave Plaintiff an opportunity to amend if he believed in good faith that he could cure the complaint's deficiencies. Plaintiff thereafter filed the operative amended complaint.

Having dismissed Plaintiff's original complaint, the Court, as an initial matter, examines in what ways, if any, the amended complaint differs from Plaintiff's original complaint. As it pertains to

---

[1] Defendant notes, again, that the "Auditor's Office" of Cook County is incorrectly named in this action. The Court will simply refer to the defendant as "Defendant" in this Opinion.

1

his claim of religious discrimination, Plaintiff added allegations that "the American Baptist Resolution Concerning Abortion and Ministry in The Local Church explicitly opposes abortion," (Dkt. 24 ¶ 17), and that Plaintiff, whose religion opposes murder, "believes that [] receiving the vaccine [] would make him a participant in the abortion that killed the unborn baby," (*id.* ¶ 18). The amended complaint also summarizes portions of Plaintiff's request for religious accommodation, which Plaintiff appended to—and thus were incorporated by reference into— both his original and amended complaints.

As applicable to his claim of racial discrimination, Plaintiff added an allegation that he provided demographic information, including his race, to the Cook County Human Resources Department upon request. (*Id.* ¶¶ 7–8.) Plaintiff added allegations that Human Resource Bureau Chief Velisha Haddox and Human Resource Equal Employment Opportunity Officer Priya Khatkhate "knew that [Plaintiff] was African-American[.]" (*Id.* ¶¶ 12, 22.) The amended complaint also asserts for the first time that "Plaintiff has not yet had an opportunity to conduct discovery and has not had sufficient time to demonstrate how similarly situated individuals outside his protected class were treated more favorably, particularly his white or Caucasian counterparts. Based on information and belief this is what the record would show." (*Id.* ¶ 49.) Plaintiff then cites case law in his amended complaint that sets forth the legal standard—for summary judgment. (*Id.* ¶¶ 50–51.)

The Court concludes that Plaintiff's amended complaint fails to rectify the deficiencies this Court identified in its Opinion dismissing the original complaint. In considering the original and amended complaints, Plaintiff's factual allegations are substantially the same. None of the amended complaint's new allegations change the fact that Plaintiff did not specify his race or religion in either his religious accommodation request or subsequent email correspondence. (*See* Dkt. 20 at *2.) Neither does the amended complaint allege factual allegations that would support a shift in the Court's finding that Plaintiff's request for accommodation stemmed from his "beliefs [] based not in religion but in

his more broadly defined personal preferences, such as his 'cultural beliefs' and adherence to 'holistic healing.'" (*Id.* at *5.) Still, the amended complaint fails to state a claim.

As to Plaintiff's claim of racial discrimination, this Court will not permit Plaintiff to embark in a fishing expedition in an attempt to "demonstrate how similarly situated individuals outside his protected class were treated more favorably[.]" (Dkt. 24 ¶ 49.) Plaintiff must "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)—not merely claim that facts supporting his claim may exist somewhere in the universe. *See Taha v. Int'l Bhd. Of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020) (on a motion to dismiss, courts "may reject sheer speculation, bald assertions, and unsupported conclusory statements").

Having been granted an opportunity to cure the original complaint's deficiencies, Plaintiff undertook hardly any substantive amendments. "Although 'a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [the] complaint before the entire action is dismissed,'" *Rustom v. Rustom & North Star Trust Co.*, 2019 WL 4034620, at *7 (N.D Ill. Aug. 27, 2019) (Aspen, J.) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015)), "'repeated failure to cure deficiencies by amendments previously allowed' provides reason to disallow additional opportunities to amend." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Because Plaintiff has been afforded an opportunity to amend, and because any subsequent amendment would be futile, the Court dismisses Plaintiff's amended complaint with prejudice.

**IT IS SO ORDERED.**

Date: 3/27/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge